UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELODY PATTON,

    Plaintiff,

v.

CORINTHIAN COLLEGES, INC. d/b/a
EVEREST COLLEGE,

    Defendant.
                                     /

Case No. 13-14814

Honorable Nancy G. Edmunds

**OPINON AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [9]**

This matter comes before the Court on Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's amended complaint alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA"), when it made calls to her cellular telephone using an automated telephone dialing system ("ATDS") and prerecorded voice. *See* 47 U.S.C. § 227(b). Being fully advised in the premises, having read the pleadings, and for the reasons set forth below, Defendant's motion to dismiss is DENIED.

**I.    Plaintiffs' Amended Complaint**

Plaintiff's one-count, amended complaint alleges that Defendant violated § 227(b) of the TCPA. Specifically, Plaintiff alleges the following. In or around July 2013, Defendant began placing calls to her cellular telephone using an automatic telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice. (Am. Compl., ¶¶ 7, 11, 12, 29.) Plaintiff's telephone number that Defendant called was assigned to a cellular telephone

service for which Plaintiff incurs charges for incoming calls. (*Id.* at ¶ 32.) She did not provide her cellular telephone number to Defendant and did not consent to have Defendant contact her on her cellular telephone. (*Id.* at ¶¶ 14-15, 30.) The calls Plaintiff received from Defendant were not placed for "emergency purposes." (*Id.* at ¶ 33.) In late July or Early August, 2013, Plaintiff informed Defendant that she was not interested in its services and requested that the automated calls cease, but Defendant continued to place automated calls to Plaintiff's cellular telephone up to three times a day. (*Id.* at ¶¶ 16-17, 30-31.) Defendant placed calls from (313) 202-9208 ("originating number"). (*Id.* at ¶ 18.)

## II. Rule 12(b)(6) Standard of Review

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Finally, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P.

8(a)(2)).  If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at 570.

### III.  Analysis

Defendant argues that Plaintiff's complaint fails to state a claim under the TCPA because it "does not allege the specific time and date of each alleged violation" of § 227(b)(1)(A)(iii) of the TCPA.  Plaintiff argues that, to state a claim under § 227(b) of the TCPA, it is not necessary to allege the specific time and date of each alleged violation.  This Court agrees with Plaintiff.

"To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that:  Defendant made the call; Plaintiff was charged for the call; and the call was made using an automatic telephone dialing system or an artificial or prerecorded voice."  *Mashiri v. Ocwen Loan Serv., LLC*, No. 3:12-cv-02838-L-MDD, 2013 WL 5797584, at *5 (S.D. Cal. Oct. 28, 2013) (internal quotation marks and citation omitted).  In *Mashiri*, the defendant argued that the plaintiff's TCPA claim must be dismissed because she failed to plead sufficient facts showing that calls were made by an automatic system.  *Id.*  The district court rejected that argument, observing that "[a]lthough Plaintiff's allegation that the Defendant 'would repeatedly call Plaintiff's cellular telephone, using an automatic dialing system or artificial/prerecorded voice to initiate the telephone call' seems conclusory on its own, courts have found similarly phrased allegations sufficient to state a claim." *Id*. (citing cases).  The *Mashiri* court further observed that, when read as a whole, the plaintiff's amended complaint sufficiently alleged a TCPA claim.  The same is true here.  Plaintiff's amended complaint alleges facts sufficient to state a plausible claim under the TCPA.  The

information Defendant seeks is the proper subject of discovery, but is not required to state a TCPA claim.

Moreover, the decisions Defendant relies upon fail to support its Rule 8 pleading argument. In *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009), after rejecting the defendant's arguments concerning the scope of the TCPA, it addressed the defendant's insufficiency-of-pleading arguments. It found that the plaintiff had sufficiently alleged that the text messages he received from the defendant came from an ATDS. *Id.* at \*\*3-4. But, it found that the plaintiff's allegations about "subsequent messages" that also allegedly violated the TCPA were insufficient because they failed to provide any allegation as to when the plaintiff received those messages, what the text messages stated, and "from what numbers he received the later messages." *Id.* at \*2. Unlike the plaintiff's complaint in *Abbas*, the allegations in Plaintiff's amended complaint here do provide Defendant with sufficient notice of the time period in which she claims Defendant made the challenged calls to her cellular phone as well as what number the calls came from.

In *Clayton v. Aaron's Inc.*, No. 3:13-CV-219, 2013 WL 3148174 (E.D. Va. June 19, 2013), another text message case, the district court held that "Plaintiff fails to state a [TCPA] claim upon which relief can be granted because calls made by a party attempting to collect a debt owed to it are exempt from the TCPA." *Id.* at \*2 (internal quotation marks and citation omitted). In dicta, the *Clayton* court observed that the plaintiff had "not sufficiently alleged the use of automatic dialing." *Id.* Specifically, the district court observed that the plaintiff failed "to allege any facts regarding the general content, number, timing, or phone number from which any of the alleged messages were sent that show that it is

4

plausible that Defendant used autodialing." *Id.* at *3. Defendant Corinthian Colleges, Inc. does not argue here that Plaintiff has not alleged sufficient facts to show that it is plausible that Defendant used an ATDS or prerecorded voice in connection with its July/August 2013 calls to Plaintiff's cellular phone. Accordingly, both the holding and dicta in *Clayton* fail to support Defendant's arguments for dismissal.

## IV. Conclusion

For the above-stated reasons, Defendant's motion to dismiss is DENIED.


                     s/Nancy G. Edmunds
                     Nancy G. Edmunds
                     United States District Judge

Dated: March 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2014, by electronic and/or ordinary mail.

                     s/Johnetta M. Curry-Williams
                     Case Manager
                     Acting in the Absence of Carol A. Hemeyer